United States of America,

     Plaintiff,                     Case No.  1:20-cr-00074-1

         v.                      Judge Michael R. Barrett

Darias Jackson,

     Defendant.

## OPINION AND ORDER

This matter is before the Court on Defendant Darias Jackson's *pro se*[1] Motion to Dismiss. (Doc. 92). The Court held a hearing on this motion on April 30, 2021. The Government subsequently filed a Response in Opposition. (Doc. 98). In his Motion to Dismiss, Defendant Jackson argues that his constitutional and statutory rights to a speedy trial have been violated. (Doc. 92 PageID 289).

## I.  BACKGROUND

On October 4, 2019, while on federal supervised release[2] before this Court, Defendant Jackson turned himself in to the Hamilton County, Ohio authorities on a pending Hamilton County warrant for his arrest relating to the September 19, 2019 shooting of A.W. On October 10, 2019, a Hamilton County grand jury returned an

---

[1] Defendant Jackson is represented by counsel in this matter. Although the Court generally does not accept *pro se* filings by represented parties, the Court will make an exception to that general rule and accept this *pro se* Motion to Dismiss. *See United States v. Jenkins*, 229 F. App'x 362, 370 (6th Cir. 2005) ("Although we do not ordinarily consider *pro se* claims brought by a defendant represented by counsel on appeal, we have, in an abundance of caution, reviewed them, and we find them to be entirely without merit."). *But see United States v. Howton*, 260 F. App'x 813, 819 (6th Cir. 2008) ("We decline to address these arguments because [the defendant] was represented by counsel in this matter.").

[2] Defendant Jackson is on federal supervised release in connection with his prior conviction for Conspiracy to Possess with Intent to Distribute 1,000 Kilograms or More of Marijuana. *See* Docket No. 1:12-CR-095-7.

indictment against Defendant Jackson for two counts of felonious assault with a weapons specification and having weapons under disability, each relating to the shooting of A.W. On or about the same day, Defendant Jackson was charged in this Court with a violation of his supervised release for non-compliance with the supervised release term that prohibits him from committing another federal, state, or local crime.

On January 8, 2020, the state court dismissed the state charges against Defendant Jackson relating to the shooting of A.W.

On January 9, 2020, Defendant Jackson appeared before a Magistrate Judge of this Court for an initial appearance regarding the revocation of his supervised release. The Magistrate Judge ordered Defendant Jackson temporarily detained pending his detention hearing. On January 13, 2020, after the detention hearing, the Magistrate Judge ordered that Defendant Jackson be detained pending the resolution of the supervised release violation hearing. After the January 23, 2020 preliminary supervised release violation hearing, the Magistrate Judge found that there was probable cause to believe that Defendant Jackson may be guilty of the violations alleged and denied his motion for bond reconsideration.

On February 19, 2020, the Court heard the parties' arguments related to the Government's first Motion to Continue the supervised release violation hearing, granted the Government's Motion to Continue, and rescheduled the supervised release violation hearing for March 24, 2020.

On March 18, 2020, and pursuant to General Order 20-04, issued in response to the-then-newly-emerging COVID-19 virus, the Court vacated the March 24, 2020

supervised release violation hearing subject to being reset. On June 19, 2020, the Court rescheduled the supervised release violation hearing for July 20, 2020. That hearing was later vacated on July 17, 2020 subject to being reset.

On July 20, 2020, Defendant Jackson had his initial appearance in this case number on a criminal complaint alleging a violation of Title 18 U.S.C. § 922(g)(1). On July 22, 2020, a federal grand jury indicted him for possession of ammunition by a prohibited person, in violation of 18 U.S.C. § 922(g)(1).

On October 21, 2020, a federal grand jury returned a superseding indictment in this matter that added additional charges against Defendant Jackson and a co-defendant, Defendant Jessica Brown.

On February 25, 2021, a federal grand jury returned a second superseding indictment in this matter that charged Defendant Brown with two additional counts and added another co-defendant, Defendant Gregory Jackson.[3]

## II.  CONSTITUTIONAL ANALYSIS

The Sixth Amendment to the U.S. Constitution provides: In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial. U.S. CONST. AMEND. VI. The four factors that a court must balance in a constitutional speedy trial analysis are: (1) whether the delay was uncommonly long; (2) the reason for the delay; (3) whether the defendant asserted his right to a speedy trial; and (4) whether prejudice resulted to the defendant. *United States v. Robinson*, 455 F.3d 602, 607 (6th Cir. 2006)

---

[3] For purposes of this Order, the Court will refer to Defendant Darius Jackson as Defendant Jackson and Defendant Gregory Jackson as Defendant Gregory Jackson.

(citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)).

The first factor is a threshold requirement, and if the delay is not uncommonly long, judicial examination ceases. *Id.* A one-year delay is presumptively prejudicial and triggers analysis of the remaining *Barker* factors. *Brown v. Romanowski*, 845 F.3d 703, 714 (6th Cir. 2017). As a general proposition, the Sixth Amendment right to a speedy trial usually attaches when the defendant is arrested or indicted, whichever is earlier. *Id.* at 712-13.

Defendant Jackson asserts that he was arrested on January 8, 2020 and that January 8, 2020 is the appropriate trigger date for the constitutional speedy trial analysis. (Doc. 92 PageID 222, 295). However, on January 8, 2020, Defendant Jackson was charged with a violation of a condition of his federal supervised release, and was not charged with the substantive federal charges in this matter including, *inter alia*, possession of ammunition by a prohibited person, in violation of 18 U.S.C. § 922(g)(1). *Cf. United States v. Keel*, 254 F. App'x 759, 761 (11th Cir. 2007). The date that Defendant Jackson was initially indicted in this matter, *i.e.*, July 20, 2020, is the appropriate trigger date for the constitutional speedy trial analysis. *Cf. id.* The length of delay thus far is not long enough to trigger a constitutional speedy trial analysis and the Court will not consider the remaining *Barker* factors. *See Brown*, 845 F.3d at 714; *cf. Robinson*, 455 F.3d at 607 ("If the threshold is satisfied, the first factor must be considered along with the remaining three factors in the speedy trial analysis."). In sum, Defendant Jackson has not been denied his constitutional right to a speedy trial.

III.    **STATUTORY ANALYSIS**

The Speedy Trial Act, 18 U.S.C. § 3161, "provides that, subject to certain periods of exclusion, the trial of a defendant who has pleaded not guilty to a charge in an information or indictment, 'shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant . . . [appears before] the court in which such charge is pending, whichever date last occurs.'" *United States v. Criswell*, 360 F. Supp. 3d 694, 703 (S.D. Ohio 2019) (citing 18 U.S.C. § 3161(c)(1), (h)). "In the event that 'a defendant is not brought to trial within the time limit required by section 3161(c) as extended by section 3161(h), the information or indictment shall be dismissed on motion of the defendant.'" *Id.* (citing 18 U.S.C. § 3162(a)(2)).

"Where, as is the case at bar, multiple defendants are charged together and no severance has been granted, one speedy trial clock governs." *United States v. Cope,* 312 F.3d 757, 776-77 (6th Cir. 2002). "[A]bsent evidence of bad faith or unreasonable delay, courts have generally restarted the speedy trial clock if the superseding indictment adds new defendants to the case." *Sylvester v. United States*, 110 F. Supp. 3d 738, 747 (E.D. Mich. 2015), *aff'd*, 868 F.3d 503 (6th Cir. 2017) (citing *Henderson v. United States,* 476 U.S. 321, 323 n.2 (1986)). All defendants who are joined for trial generally fall within the speedy trial computation of the latest co-defendant. *Henderson,* 476 U.S. at 323 n.2. "Moreover, the excludable delay of one defendant is also excluded for his codefendants." *United States v. Sobh*, 571 F.3d 600, 602 (6th Cir. 2009).

As noted, certain periods of time are excluded from the Speedy Trial Act's 70-day clock, including, for example: delay resulting from the filing of pretrial motions; delay

during which any proceeding concerning the defendant is under advisement by the court; delay resulting from a reasonable period of delay when the defendant is joined for trial with co-defendants as to whom the time for trial has not run and no motion for severance has been granted; and delay resulting from a continuance finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(1)(D), (h)(1)(H), (h)(6), (h)(7)(A). Regarding the last example, "[t]he district court has wide latitude in deciding how to exercise its discretion in applying the ends-of-justice provision of the Speedy Trial Act that governs whether a continuance should be granted." *United States v. Stewart,* 628 F.3d 246, 253 (6th Cir. 2010).

The first and second superseding indictments in this matter added new Defendants. There is no evidence before the Court that suggests that the Government acted in bad faith or unreasonably delayed filing those superseding indictments. *See Henderson,* 476 U.S. at 323 n.2; *Sylvester*, 110 F. Supp. 3d at 747. The Court finds that the two superseding indictments each restarted the speedy trial clock in this case, with the second superseding indictment doing so most recently. *See Henderson,* 476 U.S. at 323 n.2; *Sylvester*, 110 F. Supp. 3d at 747. Accordingly, as the Court has not granted any motions for severance and Defendant Gregory Jackson was the last co-defendant to have his appearance and arraignment in the Southern District of Ohio and did so on March 12, 2021, the current 70-day Speedy Trial Act clock in this case began on March 12, 2021. *See Cope,* 312 F.3d at 776-77; *Henderson,* 476 U.S. at 323 n.2.

Using its discretion, the Court has issued specific ends-of-justice findings in specific Orders, pursuant to 18 U.S.C. § 3161(h)(7)(A), that exclude the period from March 12, 2021 to July 8, 2021 from the 70-day Speedy Trial Act clock in this case. (Doc. 54) (excluding January 19, 2021 until March 22, 2021); (Doc. 77) (excluding March 22, 2021 until March 26, 2021); (Doc. 86) (excluding March 26, 2021 until April 8, 2021); (Doc. 90) (excluding April 8, 2021 until May 10, 2021); (Doc. 102) (excluding May 10, 2021 until June 8, 2021); (Doc. 105) (excluding June 8, 2021 until July 8, 2021); *see Stewart,* 628 F.3d at 253.[4] In light of these Orders, the Court finds that, from March 12, 2021 through the date of the issuance of this Order, there have been continuous periods of delay that are permissibly excluded from the 70-day clock such that no Speedy Trial Act violation has occurred in this matter.

As a final matter, and to the extent Defendant Jackson asserts that any alleged Speedy Trial Act violations are due to the Court's neglect and over-crowding of dockets, the Court reiterates its ends-of-justice findings that the permissible continuances in this case have been necessary due to the COVID-19 pandemic, motion practice, and Defendants' various requests for continuances to either review the voluminous, and on-going, discovery in this case or pursue a resolution via plea options.

---

[4] In light of the permissible exclusions under 18 U.S.C. § 3161(h)(7)(A), the Court need not discuss the other applicable exclusions due to Defendant Gregory Jackson's March 16, 2021 filing of a Motion to Reconsider Bond and Defendant Jackson's April 14, 2021 filing of his *pro se* Motion to Dismiss. *But see* 18 U.S.C. § 3161(h)(1)(D), (h)(1)(H).

**IV. CONCLUSION**

Based on the foregoing, it is hereby **ORDERED** that Defendant Jackson's Motion to Dismiss (Doc. 92) is **DENIED** without prejudice. Moreover, the Court hereby **INSTRUCTS** Defendant Darius Jackson that he is represented by counsel and the Court will not accept any additional *pro se* motions.

**IT IS SO ORDERED.**

/s/ *Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court